**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, CATHERINE SHARP, | ) | |
| BRIAN STRAW, and JOSELYN WALSH | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR A PRESERVATION ORDER**

Defendants, by and through their respective counsel, pursuant to Federal Rules of Criminal Procedure 2 and 16, and the Due Process and Effective Assistance of Counsel clauses of the Fifth and Sixth Amendments to the Constitution of the United States, respectfully request that this Court enter a preservation order for the United States Department of Homeland Security (DHS) and the Broadview Police Department (Broadview PD) to preserve and maintain all audio and video recordings, records, emails, text messages, documents, notes and other materials related to the circumstances surrounding the alleged September 26, 2025, conspiracy to impede and injure Agent A's vehicle. In support of thereof, Defendants state as follows:

1. On October 23, 2025, the government filed an indictment charging the defendants with conspiracy to impede and injure Agent A's vehicle, in violation of Title 18, United States Code, Section 372. (R. 1). The government also charged each defendant individually with a misdemeanor count of forcibly impeding Agent A while he was engaged in the performance of his official duties. All defendants have denied the allegations and entered a plea of not guilty to all charges.

1

2.      The defendants anticipate one material issue in dispute at trial will be Agent A's decision and motivation to drive his vehicle into a crowd of more than 50 individuals who were peacefully protesting the documented atrocities occurring inside the Broadview facility. As this Court will hear at trial, these lawful and peaceful protests were taking place each day at the Broadview facility for multiple weeks prior to September 26, 2025. The defense is unaware of the Government charging other protesters with similar charges prior to or subsequent to this incident.

3.      It is the defendants' position based on other cases in this District and public information regarding DHS's actions as part of "Operation Midway Blitz" that information likely exists in the possession of DHS officials and employees that will be relevant at trial and helpful to the defense.  The defendants also believe that video evidence currently in the possession of the Broadview PD depicting the events occurring outside the Broadview facility in the days surrounding the charged conspiracy on September 26, 2025, will be relevant to the defendants' theories of defense at trial.

4.      Counsel for the defendants have engaged in multiple discussions with counsel for the Government regarding the preservation and production of these materials in the possession of DHS and the Broadview PD regarding this case. Based on those conversations counsel for the defendants now believe it is incumbent upon them to seek preservation orders directing state and federal law enforcement agencies that partner with the government to preserve relevant materials, notwithstanding their partnership with the government. Such a preservation order is necessary to ensure that relevant records material is preserved. Accordingly, counsel request this Court to enter

an order instructing both DHS and the Broadview PD to preserve these records to ensure that DHS and Broadview PD preserve and maintain the requested records.[1]

5.        Specifically, as part of a meet and confer meeting with government counsel on January 23, 2026, counsel for the government informed defense counsel that she personally went to Broadview and reviewed multiple videos in Broadview PD's possession but only tagged portions of videos the government believed to be relevant to its case for collection, and that there was no preservation directive or subpoena provided to Broadview PD as part of this process. Based on these actions defendants are now seeking an immediate preservation order for DHS (attached as Exhibit A) and the Broadview PD (attached as Exhibit B) which will ensure that these critical materials remain preserved until secured by defense counsel through the discovery process.

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2900
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
(312) 909-0434
jherman@joshhermanlaw.com
*Attorney for Katherine Marie Abughazaleh*

**/s/ Theodore Thomas Poulos**
**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tpoulos@cotsiriloslaw.com
tcampbell@cotsiriloslaw.com

**/s/ Molly Armour**
Law Office of Molly Armour
53 W. Jackson Boulevard, Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com
*Attorney for Catherine Sharp*

---

[1] In a recent case as part of the same Operation Midway Blitz based on similar discovery issues with DHS, the government did not object to a nearly identical request for a preservation order and the Court granted the motion and ordered DHS to preserve all records in that case. *United States v. Marimar Martinez*, 25 CR 636, at R. 41.

vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*

**/s/ Brad Thomson**
**/s/ Tayleece Paul**
People's Law Office
1180 N. Milwaukee
Chicago, IL 60642
773-235-0070
brad@peopleslawoffice.com
tayleece@peopleslawoffice.com
*Attorneys for Joselyn Walsh*