UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL RABBITT, et al.

No. 25 CR 693

Judge April M. Perry

**DEFENDANT MARTIN'S SHORT RESPONSE CORRECTING
CERTAIN FACTUAL MISSTATEMENTS IN THE
GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

The government filed its Motion for Protective Order yesterday evening. Upon reading it, undersigned counsel saw two factual misstatements of particular note and emailed government counsel last night asking them to correct those misstatements. Government counsel communicated this morning that she does not believe a corrective filing by the government is needed. Because we do believe certain misstatements should be corrected before the Court to reduce any possibility that inaccurate information about even contextual matters might color one's view, we are filing this short submission describing what we believe to be factually inaccurate statements in the government's filing.

In its February 3, 2026 Moton for Protective Order[1], the government stated, "although defendants initially proposed to the government that any personal identifiers, including names of law enforcement agents, would be 'for attorneys' eyes

---

[1] The Defendants filed their Motion for Protective Order earlier in the afternoon on February 3, 2026.

only,' in light of defense counsels' reversal on their initial proposal …". (Govt. Mot. at para. 8). The assertions in the government's motion (1) that "defendants initially proposed to the government that any personal identifiers, including names of law enforcement agents, would be 'for attorneys' eyes only,'" presumably forever; and (2) that Defendants "revers[ed] their position," suggesting the Defendants acted deceptively or engaged in sharp practices, are both untrue.

The facts are as follows:

*First*, in an effort to get some discovery produced promptly, Defendants offered to agree to keep ***only the complainant Agent's*** name and personal identifying information 'attorneys' eyes only' for the time being, as it has always been Defendants' position that no such restriction was needed or appropriate in this case. And what Defendants proposed as a short-term compromise to facilitate production of necessary discovery is not a matter of dispute between competing recollections because Defendants' offer was in writing. Thus, in a December 3, 2025 letter seeking the prompt production of certain discovery, Martin's counsel wrote, in part: "Defendants will agree to have the identifying information ***about the Agent involved in this case*** be 'attorney eyes only' …". (emphasis added). Eliminating all doubt about what Defendants had proposed on this point, in a January 16, 2026 email to government counsel in response to the original Draft Protective Order sent by the government, undersigned counsel wrote:

> I note that in my December 3, 2025 letter requesting certain discovery, and ***in an effort to avoid delaying necessary production, I offered that we would agree to "have the identifying information about the Agent involved in this case be 'attorney eyes only,'" without***

*further Order by the Court, not that we thought there was a broad range of materials that could/should be designated AEO (or be otherwise restricted).* [emphasis added]

Thus, in an effort to get certain discovery produced promptly, Defendants offered to keep the personal identifiers **only of the Agent who drove his SUV into the crowd** as attorney-eyes only absent further order of the Court, *not* – as is incorrectly stated in the government's filing – to keep forever as AEO the information about **any and all** law enforcement personnel and lay witnesses contained in discovery produced by the government.

*Second*, Defendants did not "reverse" our position, suggesting we somehow negotiated in bad faith or reneged on an agreement. Defendants made the offer described above in an effort to get discovery produced more quickly, and the government rejected our offers of compromise – as is their absolute right to do. But Defendants have been very clear throughout our discussions with the government that we do not believe any discovery in this case should be subject to AEO or other restrictive designations, absent some compelling reason to do so. Thus, it cannot be a surprise that when the government rejected our offer of compromise we have argued for what we always believed – and always told the government – are the appropriate limits of a protective order under the facts and circumstances of *this case*.

We understand these are not issues of monumental import – **nor, importantly, do we ascribe any bad faith to government counsel** – but we do believe the misstated facts warrant correction.

3

Respectfully submitted,

*/s/ Terence H. Campbell*
An Attorney for Defendant
 *Andre Martin*

Theodore T. Poulos
Terence H. Campbell
Valerie A. Davenport
COTSIRILOS, POULOS & CAMPBELL, LTD.
55 E. Monroe Street, Suite 3250
Chicago, Illinois  60603
(312) 263-0345
tcampbell@cotsiriloslaw.com

4