

**U.S. Department of Justice**

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| *Sheri Mecklenburg*<br>*Assistant United States Attorney* | *Dirksen Federal Courthouse*<br>*219 South Dearborn Street, Fifth Floor*<br>*Chicago, Illinois 60604* | *Direct Line: (312) 469-6030*<br>*E-mail: sheri.mecklenburg@usdoj.gov* |

December 18, 2025

***Counsel of Record***

    Re:    ***United States v. Rabbitt, et. al.***, No. 25 CR 693

Dear Counsel:

    This letter is in response to Mr. Campbell's letter dated December 3, 2025, written on behalf of all defendants, setting forth discovery requests. At the outset, I reiterate that Mr. Skiba and I intend to comply with our discovery obligations under Rule 16, *Brady*, *Giglio* and Jencks, and you have no basis to assume otherwise. We produced discovery early and have informed you that we will have additional discovery in January. We told you that we are seeking and intending to produce videos in the possession of the Broadview Police Department. We preserved the car for inspection and invited you, without a request, to examine the car, which we arranged even before our first appearance before Judge Perry. However, to the extent that your requests go beyond our obligations, we decline such production. Your letter reads like a discovery request under Federal Rule of Civil Procedure 34, in a civil case in which the fault and liability of the victim is at issue. In this criminal case, blaming the victim is not a legitimate defense to whether the defendants committed the criminal conduct. *Cf. Beul v. ASSE Int'l, Inc.*, 233 F.3d 441, 451 (7th Cir. 2000) ("Victim fault is not a defense, either partial or complete, to criminal liability.").

    We address each request specifically below:

    <u>Request No. 1</u>: This request is far beyond our obligations and far beyond the scope of this case. Your request for all video for a period beginning a week prior to the charged conduct and continuing for a week after the incident seeks information that is not material to your defense and is beyond Federal Rule of Criminal Procedure 16. Your request is not tied to the charged conduct or the defendants. The FBI agent, Mr. Skiba and I went this week to Broadview to review all video in their possession which might be material and tagged the video showing the incident and any video that morning showing any of the defendants. The agent is on leave starting tomorrow, but when he returns he will pick up the tagged video and we will include it in the January production subject to an appropriate protective order. I had not asked for a protective order for the public videos that we gathered, but I will send you a proposed order to cover the nonpublic videos that we anticipate producing.

Request No. 2: See response to Request No. 1 regarding planned production of all material body-worn and in-car camera footage from the Broadview Police Department. We are not aware of any other law enforcement entity that has additional video, but if you are, please let us know and we will do our best to obtain it.

In keeping with your own reciprocal discovery obligations under Rule 16(b)(1)(A), we remind you to produce to us all video and photos of the incident or the period of September 26, 2025 preceding or following the incident, in your possession if you plan to use it at trial, including for cross-examination.

Request No. 3: We previously produced the video from the Broadview tower of the incident that led to the charges. To the extent that you seek tower video from September 19, 2025 through October 1, 2025, your request is overly broad, immaterial and exceeds our obligations.

Request No. 4: We will investigate whether any drone or other aerial footage exists of the period of time from 7:00 am to 9:30 am, which includes a period both before and after the charged incident is over. To the extent your request seeks video for a longer period of time, it is overly broad, immaterial and exceeds our obligations.

Request No. 5: We have produced all photos of the damage to Agent A's car arising out of the charged incident. We have produced the car itself for your examination on December 3, 2025. In keeping with your reciprocal discovery obligations under Rule 16(b)(1)(B), we request that you produce all photos and video of the vehicle that you have in your possession that you intend to use at trial or if you intend to call your investigator or expert who took such photos or videos as a witness at trial, even if you do not plan to introduce all such photos and videos. When I initially asked for this, you all objected immediately. Upon further discussion with you [Mr. Campbell], you explained that you considered the photos to be work-product privilege that would reveal your thought processes. We do not find that objection credible. We were present when you took the photos, and the photos and video depict the car that we produced for examination. It also stretches credulity to think that we will be able to read your minds and determine your strategy simply from photos and video of the car. Moreover, as set forth above, Rule 16(b)(1)(B) requires this production.

Further, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), we request a copy of the results or reports of any physical or mental examination and of any scientific test or experiment, including examination of the car, if you intend to call at trial the witness who prepared such a report.

Request No. 6: We will determine if any such records of the car's outer condition prior to the incident exist, and if so, we will produce.

2

Request No. 7:  We do not believe that "maintenance records" are material to any defense, in that the incident is not related to "maintenance" such as oil changes or other vehicle maintenance.  We believe that Request No. 6 covers the potentially material records.  If you want to narrow Request No. 7 to potentially material records, please call to discuss further.

Request No. 8: To the extent that this request seeks records which may be material to the defense, it is covered by Request No. 6.

Request Nos. 9 and 10: Regarding your request for grand jury transcripts and minutes, including instructions on the law given and exhibits shown to the grand jurors, we refer you to Rule 6(e)(2)(B).  As you know, disclosure of "all grand jury transcripts and minutes, including but not limited to instructions given to grand jurors on the law" and "all exhibits shown to the grand jurors" is generally not permissible.  Where disclosure is not expressly permitted by Rule 6(e)(2)(B), disclosure of grand jury materials is not permitted except in exceptional circumstances.  *See Carlson v. United States,* 837 F.3d 753, 766 (7th Cir. 2016) (surveying caselaw); *United States v. Corbitt*, 879 F.2d 224, 239 n.18 (7th Cir. 1989) ("[I]t is clear that disclosure of grand jury materials in situations not governed by Rule 6(e) should be an uncommon occurrence.").

This is a relatively simple, straightforward indictment, that presents no exceptional circumstances, and you have not cited any in your letter or in any discussions with us. Since the case was filed, various defense counsel has stated repeatedly only that they are "interested" in how we presented this case to the grand jury. Your curiosity is not an "exceptional circumstance." You all know the law, or can research the law, and have no reason to believe that we presented anything other than the law. If you have any basis to argue otherwise, please let me know.

That said, we will produce the grand jury transcript of any witness whom we call at trial, in a timely manner.  Although such Jencks material is not due until we turn over such witness for cross-examination, 18 U.S.C.§ 3500(a), our initial discovery letter sets forth a schedule for production in advance of any trial, which is above and beyond our obligations.

Request Nos. 11 and 12:  These requests for all orders, directives, commands, memoranda and/or communications in ICE, CPB, DOJ, Broadview Police or any other law enforcement agency are inappropriate, immaterial and overly broad in scope and time. This is not a policy case. This is not a civil Section 1983 case.  These requests indicate that you intend to try this case on broader immigration policy, which is impermissible and not material to the issue to be determined at trial — i.e., whether your clients hindered and impeded a law enforcement officer in violation of the laws

3

charged. Your attempts to make any trial about immigration policy are simply an impermissible appeal to emotions and jury nullification.

Request No. 13: See my letter responding to your December 11, 2025 letter, in which I confirmed my agreement to preserve all texts and phone records from September 26, 2025 through December 4, 2025. If any are appropriate for production, we will produce subject to an appropriate protective order.

Request No. 14: Subject to a Protective Order incorporating the terms you proposed, we intend to disclose Agent A's identity if we intend to call him as a witness at trial.

Request No. 15: This request for the agent's disciplinary history is not material or permissible. This is not a Section 1983 case against the agent. This request is an attempt to develop information for blaming the victim, which as noted above, is immaterial to a criminal case. *Beul*,233 F.3d at 451 To the extent that we call the agent as a witness, we will produce any *Giglio* information, if it exists, in accordance with the schedule set forth in our initial discovery letter.

Request No. 16: We refer you to the discovery produced and to be produced. The nature of this request resembles a civil discovery request; we are unaware of any criminal rule that requires us to create and produce in discovery a list of our evidence for each element of the offense. If you are aware of such an obligation, please let us know.

Request No. 17: We decline to identify any uncharged individuals. Indeed, Department of Justice policies generally preclude us from identifying uncharged individuals except in a limited number of circumstances. *See generally* Department of Justice, Justice Manual, Section 9-27.760 - Limitation on Identifying Uncharged Parties Publicly Moreover, you have more knowledge of this information than we do, given that your clients likely can identify many of the individuals in the video, including those wearing face coverings. Please note that in our press release, we asked for tips on the identity of others involved in the incident. If your clients would like to identify any such individuals, we would extend proffer protection to that information.

In addition, in keeping with your reciprocal discovery obligations and your trial obligations, for any injury of a defendant purportedly resulting from the incident that you intend to refer to at trial in any manner, we request any medical records related to, and photos of, such injuries.

Finally, we point to the Court Order entered on December 18, 2025, allowing early return of trial subpoenas and requiring that copies be provided to opposing counsel within 24 hours of issuance. We also request a copy of any trial subpoena

4

return. Given the overbreadth of the discovery requests set forth in your December 11 letter to us, we are concerned that your trial subpoenas will be overbroad and that we will have to litigate each subpoena. To avoid this, we ask that you limit your subpoenas to request only documents material and relevant to the issue, i.e., whether your clients committed the charged conduct, as permitted under the Federal Rules of Criminal Procedure and caselaw.

Please note that nothing in this letter is intended to limit your reciprocal discovery obligations required under Rule 16. Our references to your reciprocal discovery obligations are meant only as reminders, but the parameters of Rule 16 govern.

Please let us know if you have any questions or would like to add information as invited by this letter.

        Very truly yours,

        ANDREW S. BOUTROS
        United States Attorney

By:   */s/ Sheri Mecklenburg*
       Sheri Mecklenburg
       Assistant United States Attorney

Cc: Matt Skiba



*U.S. Department of Justice*

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| *Sheri Mecklenburg*<br>*Assistant United States Attorney* | *Dirksen Federal Courthouse*<br>*219 South Dearborn Street, Fifth Floor*<br>*Chicago, Illinois 60604* | *Direct Line: (312) 469-6030*<br>*E-mail: sheri.mecklenburg@usdoj.gov* |

December 18, 2025

**Counsel of Record**

Re: ***United States v. Rabbitt, et. al.***, No. 25 CR 693

Dear Counsel:

This letter is in response to Mr. Campbell's letter dated December 11, 2025, written on behalf of all defendants, setting forth "requests for discovery," specifically preservation of Agent A's communications from September 19, 2025 through the date of the letter.

As I am sure you all know, on December 4, 2025, Chris Parente, attorney for defendant Michael Straw, sent me the following request by email:

> Based on my review of the discovery, I would request that you ask Agent A to please preserve all of his text messages and phone logs from September 25 through today.

I initially responded that I believed the preservation period through December 4 was arbitrary and overbroad. Nevertheless, after further discussion, I agreed to preserve the requested communications for review. I further responded that I make no promises of any production until after we review the communications, and that we then will make any production required by Rule 16, *Brady*, *Giglio* and Jencks. I took immediate steps to preserve the requested materials, including having the FBI agent reach out to the ICE agent to preserve those communications, and separately communicating with counsel at HSI/ICE to ensure preservation and provide production to our case agent.

To the extent that a week later, you requested a broader preservation in your December 11 letter, I believe that my agreement to preserve the messages through December 4, as initially requested, is more than sufficient. Although you seek preservation starting with September 19, 2025, based on that being the date of a separate incident involving Ms. Abughazaleh, Agent A was not involved in the September 19 incident and had not even arrived in Chicago on or before that date. Therefore, there is no basis to subsequently expand the preservation period to an earlier date. Moreover, I do not believe that there is any basis to expand the period from December 4 to December 11.

2

After we receive and review the preserved communications, we will let you know our position regarding production.

                        Very truly yours,

                        ANDREW S. BOUTROS
                        United States Attorney

By:   */s/ Sheri Mecklenburg*
       Sheri Mecklenburg
       Assistant United States Attorney

Cc: Matt Skiba