

U.S. Department of Justice

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| *Sheri Mecklenburg* | *Dirksen Federal Courthouse* | *Direct Line: (312) 469-6030* |
| *Assistant United States Attorney* | *219 South Dearborn Street, Fifth Floor* | *E-mail: sheri.mecklenburg@usdoj.gov* |
| | *Chicago, Illinois 60604* | |

January 21, 2026

Counsel of Record
<u>By email</u>

   Re: *United States v. Rabbitt, et. al.*, No. 25 CR 693

Dear Counsel:

  We have received discovery letters from you dated December 1, 2025, December 3, 2025, December 11, 2025 and January 9, 2026. We previously responded to your letters dated December 3, 2025 and December 11, 2025. This letter responds to your letters dated December 1, 2025 and January 9, 2026 seeking discovery for a claim of selective prosecution, and also addresses Mr. Campbell's request that we preserve all documents requested in your letters of December 3, 2025 and December 11, 2025, notwithstanding our legitimate objections to those document requests as set forth in our responses.

  At the outset, we reiterate our strong commitment to fulfilling our discovery obligations, and believe that we have gone, and continue to go, above and beyond those obligations. Despite our efforts to go above and beyond our discovery obligations, you have sent us four letters seeking a broad array of documents, mostly mirroring civil discovery requests that are outside the parameters of our discovery obligations, and mostly appearing to be impermissible fishing expeditions. We spent considerable time carefully considering and responding to those requests in a thoughtful and respectful manner. Yet, to date, you have not complied with any of your reciprocal discovery obligations, and on the one occasion that we asked specifically for copies of the photos you took of the car, you rejected our requests without explanation. On further inquiry, Mr. Campbell claimed that copies of the photos of the car will reveal your thought processes and therefore are work product, a claim we do not believe has merit. Nevertheless, to avoid extended debate over a point that does not further the case, we limit our request to the photos you intend to

1

use at trial. Still, we remind you that we expect timely production of all reciprocal discovery, that the rules do not allow trial by ambush, and we will seek to bar your use of any documents at trial that you do not produce to us in a timely manner.

Turning to your December 1, 2026 letter, supplemented by your January 9, 2026 letter, those letters request discovery based on your expressed concern that defendants in the above-captioned case were "selectively targeted for prosecution."[1] We do not believe that your requests for discovery are appropriate for the following reasons: (1) the documents you seek are internal documents, which are not discoverable; (2) you have not satisfied your burden of overcoming the presumption that we have not violated the equal protection clause; (3) the other offices and agencies from which you seek documents did not participate in the investigation or prosecution of this case, and thus are not part of the prosecution team; and (4) you seek communications which you, yourselves, describe as being in the public record, and thus are equally available to you, meaning we are not obligated to search and produce these publicly available communications for you.

More specifically:

1. The documents you seek are internal documents, which are not discoverable. Your requests encompass internal communications, such as our prosecution memorandum and emails with our chain regarding appropriate charges, appropriate defendants, and potential defenses. You are not entitled to these internal communications. We refer you to Federal Rule of Criminal Procedure 16(a)(2), subtitled "Information Not Subject To Disclosure," which expressly and specifically precludes disclosure of "internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." *See also United States v. Ramirez,* 2025 WL 3019248, *16 n. 25 (CD Cal.) (explaining that defendants seeking similar internal memoranda must "overcome" Fed. R. Crim. P. 16(a)(2)). The caselaw cited below explains the reasoning precluding such discovery, including the chilling effect that such discovery would have on our office's ability to carefully and thoroughly vet charges.

2. You have not satisfied the initial threshold required to obtain discovery for a claim of selective prosecution. Discovery requests based on a claim of selective

---

[1] By this, based on other comments you have made, we assume that you mean defendants were selected for prosecution based on impermissible criteria, specifically the exercise of their constitutional rights or their political affiliation.

2

prosecution were addressed by the Supreme Court in *United States v. Armstrong*, 517 U.S. 456 (1996), cited in your letter. There, the Supreme Court reversed an appellate court decision allowing discovery on a claim of selective prosecution, initially noting that documents requested for a claim of selective prosecution are not permitted under Rule 16. The Court rejected the argument that such documents were "material to the defense," stating, "we conclude that in the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief." *Id.* at 462. The Court then addressed at length why the internal documents were excluded by Rule 16, including a discussion of the above-referenced language of the Rule describing "Information Not Subject To Disclosure." *Id.* at 462-63. The Court stated, "[w]e hold that Rule 16(a)(1)(C) authorizes defendants to examine Government documents material to the preparation of their defense against the Government's case in chief, but not to the preparation of selective-prosecution claims." *Id.* at 463.

The *Armstrong* Court then discussed the standard that applied to obtaining discovery to prove a claim of selective prosecution. The Court stated that it has "taken great pains to explain that the standard is a demanding one." *Id.* at 463. The Court explained that there is a "background presumption" that the showing necessary to obtain discovery for a claim of selective prosecution "should itself be a significant barrier to the litigation of insubstantial claims." *Id.* at 464. The Court stated:

> A selective-prosecution claim asks a court to exercise judicial power over a "special province" of the Executive. *Heckler v. Chaney*, 470 U.S. 821, 832, 105 S.Ct. 1649, 1656, 84 L.Ed.2d 714 (1985). The Attorney General and United States Attorneys retain " 'broad discretion' " to enforce the Nation's criminal laws. *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530–1531, 84 L.Ed.2d 547 (1985) (quoting *United States v. Goodwin*, 457 U.S. 368, 380, n. 11, 102 S.Ct. 2485, 2492, n. 11, 73 L.Ed.2d 74 (1982)). They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to "take Care that the Laws be faithfully executed." U.S. Const., Art. II, § 3; see 28 U.S.C. §§ 516, 547. As a result, "[t]he presumption of regularity supports" their prosecutorial decisions and, "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926). In the ordinary case, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file

> or bring before a grand jury, generally rests entirely in his discretion."
> *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978).

*Id.* at 464. Viewing the videos, we do not believe that there is any serious doubt that the USAO has probable cause to believe that the defendants committed the offenses defined in the statutes charged in the indictment.

Of course, the *Armstrong* Court recognized, and we likewise recognize, a prosecutor's discretion is subject to constitutional restraints. *Id.* at 464. Nevertheless, the Supreme Court held that "[i]n order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present 'clear evidence to the contrary.'" *Id.* at 465. To overcome this presumption, you must demonstrate that the federal prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id.* Here, you have not presented any evidence, much less "clear evidence," to overcome the presumption. Indeed, courts regularly preclude discovery on that basis. *See United States v. Bass,* 536 U.S. 862, 863-64 (2002); *United States v. Yu*, 161 F.4th 25, 38-43 (1st Cir. 2025); *United States v. Wilson*, 123 F.4th 1021 (9th Cir. 2024) (reversing a grant of discovery based on a claim that the defendants had been selectively prosecuted due to the perception that they held anti-government views); *United States v. Conley*, 5 F.4th 781 (7th Cir. 2021) (applying *Armstrong* standards to preclude discovery on a selective prosecution claim); *United States v. Thorpe*, 471 F.3d 652 (6th Cir. 2006) (reversing the district court order granting discovery on a selective prosecution claim even in the face of defendants' argument that they could not show discriminatory intent without discovery); *United States v. Hayes*, 236 F.3d 891, 895-96 (7th Cir. 2001) (evidence of media statements and anecdotal statements did not meet the burden required under *Armstrong); United States v. Ford*, 2016 WL 4443167 (D. Oregon) (August 22, 2016) (reiterating the rigorous standards governing discovery for a claim of selective prosecution).

Specifically, if you seek such discovery in court, you will have to show that others who were similarly situated were not charged. You cannot show that. The defendants are being criminally prosecuted for their actual conduct depicted in the videos in impeding and hindering a law enforcement agent (and the degree and extent of such conduct), along with a positive identification, enabled by both their not wearing masks (unlike several other individuals at the scene) and admissions of participation in the incident on social media. That is not selective prosecution. *See United States v. Rundo*, 108 F.4th 792, 803–04 (9th Cir. 2024) (holding that the

4

"strength of the evidence, i.e., how easily a prosecutor can prove that an individual committed a crime . . . is a permissible consideration in making prosecutorial selections"). *See also United States v. Saade*, 652 F.2d 1126, 1136 (1st Cir. 1981) ("The district court also may have considered that the Government, in an effort to husband its limited prosecutorial resources, chose to prosecute only those who could be easily apprehended in the hope that prosecution of the appellants would deter future illegal disruptions of Navy training practice.").

We note that your December 1 letter specifically seeks communications that refer to "defendants' alleged conduct and that also refers in any way to defendants who were charged under 18 U.S.C. §111 for their conduct at the U.S. Capitol on January 6, 2021, including any specific references to any political or policy views, or political affiliation or party." Certainly, you are not pointing to the January 6 defendants as similarly situated but not charged, because the January 6 defendants were, in fact, prosecuted by the Department of Justice. The subsequent pardons of those convicted do not change the fact that DOJ prosecuted the January 6 defendants. *See United States v. McIver*, --- F.Supp.3d ----, 2025 WL 3171286 *15-16 (D. N.J. November 13, 2025). The January 6 defendants are not "similarly situated." That said, if your clients are willing to proffer the identification of others whom they believe were similarly situated but were not charged due to selective prosecution, we would be happy to receive that information and investigate appropriately.

Your January 9 letter raised additional cases and justifications for discovery on the selective prosecution issue, but still falls far short of satisfying your burden to overcome the presumption established in *Armstrong*. You cite *United States v. Monsoor*, 77 F.3d 1031 (7th Cir. 1996), in which the defendant was convicted of violating a federal statute prohibiting the sale in interstate commerce of fish caught in violation of state natural resources regulation, and in which the Seventh Circuit held that defendant was not entitled to discovery on his claim of vindictive or selective prosecution. Like the defendant there, you have failed to raise evidence that we have acted with improper motive or that an external agency prevailed on us to seek an improper indictment, because neither is true. You also cite *United States v. Koh*, 199 F.3d 632 (2d Cir. 1999), in which the Second Circuit held that defendant was not entitled to discovery on his claim of selective or vindictive prosecution where he did not show that (1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a "stalking horse," and (2) he would not have been prosecuted except for the animus. You have not shown any of those circumstances here because they do not exist. Finally, you rely on *United States v. Garcia*, No. 3:25-

5

Case: 1:25-cr-00693 Document #: 94-6 Filed: 03/13/26 Page 6 of 7 PageID #:390

cr-00115,[ 2025 U.S. Dist. LEXIS 213551, at *3, 4 (M.D. Tenn. Oct. 27, 2025), where the court held that the defendant *already overcame the presumption and made a prima facie case of selective prosecution.* There, the government submitted its internal communications to the district court for an *in camera* review, and only after that review did the court order production to the defense. Here, you have not met that burden, nor established any basis whatsoever for the court to conduct an *in camera* review. Moreover, the *Garcia* court noted that it was an unusual case, where the question was "[w]hat prompted a change in the further prosecution of a closed case." That case is vastly different from this case, where there is no prima facie case made, or to be made.

You also state in your January 9 letter "[White House Chief of Staff] [Susie] Wiles has been quoted [in Vanity Fair] acknowledging that some prosecutions brought by the Trump Administration's Department of Justice, specifically against certain political figures, could be seen as retributive and vindictive." Assuming arguendo that Ms. Wiles made such a statement in a magazine interview, that statement does not establish a claim of selective prosecution anywhere, and certainly not in this case. Courts have recognized that statements from political figures, "not particularized to a defendant or her policy positions," will not justify selective prosecution discovery. *See, e.g., United States v. McIver,* 2025 WL 3171286, *18-19 (D. New Jersey).

3. Further, we take issue with your overly broad definition of the prosecution team in an impermissible attempt to expand the discovery we are obligated to produce (or preserve). "Members of the prosecution team include federal, state, and local law enforcement officers and other government officials *participating in the investigation and prosecution of the criminal case against the defendant.*" U.S. Dep't of Justice, U.S. Attorney's Manual 9–5.001(B)(2) (Oct. 1, 2006) (citing *Kyles v. Whitley,* 514 U.S. 419, 437 (1995)). Here, the prosecution team includes the United States Attorney's Office for the Northern District of Illinois and the FBI Chicago field office. The prosecution team does not include the various government offices and agencies from which you are asking us to collect documents and other information; those offices or agencies did not participate in the investigation and prosecution of this case. This point also goes to your request that we preserve thousands of documents across a multitude of government offices and agencies that are not part of the prosecution team; in addition to the fact that you are not entitled to such documents, you cite no authority for the proposition that we have the authority to require other agencies and offices in government to preserve such documents.

6

4. Your letter further seeks information that is publicly available. In addition to our objections stated above, we object to your definition of communications to include "statements appearing on any social media, including X, Facebook, Instagram, or any posts or public comments of government officials." Statements on social media and public posts or public comments of government officials in the public arena are equally available to you. Such communications are not in the government's possession and control, and we have no duty to search public internet sites for such statements. Where the information requested by the defendants is either publicly available, readily accessible the defendants, or already known by the defendants, there are no valid *Brady* or *Giglio* concerns as to that requested information. *See Morris*, *supra*, 80 F.3d at 1170 (Seventh Circuit held that the government did not suppress information or have an obligation to turn it over to the defendants because the defendants "knew as much" about the separate agency investigations "as the prosecution team itself did."). *See also United States v. Stein*, 846 F.3d 1135, 1146–47 (11th Cir. 2017) ("the government is not obliged under *Brady* to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself.") (citations omitted). *United States v. Indivior Inc.*, *supra*, 2019 WL 7116364, at *5. It appears from your letters that you have gathered a far more extensive database of public comments than we have, and thus we ask that you produce to us any such public comments that you plan to use at trial, sufficiently in advance so that we may assess potential motions in *limine* and not have to delay the trial to address such issues.

In conclusion, your letters of December 1, 2025 and January 9, 2026 seek broad categories of information, communications and documents which contravene well-established law, are akin to civil rather than criminal discovery requests that are outside our obligations, and constitute impermissible fishing attempts. In light of the facts and the caselaw cited in this letter, a motion for discovery based on a claim of selective prosecution in this case borders on frivolous. Thus, although we reserve the right to object to each discovery request individually if it becomes necessary, at this stage we object as a whole based on the facts and law set forth herein.

Sincerely,

Sheri H. Mecklenburg
Matthew Skiba